UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALISSON BRIYID IDARRAGA
MONTOYA,

             Petitioner,

     v.

CHRISTOPHER CHESTNUT, Warden of
California City Detention Facility; MOISES
BECERRA, Field Office Director, U.S.
Immigration and Customs Enforcement;
KRISTI NOEM, Secretary of the U.S.
Department of Homeland Security; and
PAMELA BONDI, Attorney General of the
United States, in their official capacities,

             Respondents.

No.  1:26-cv-01739-KES-SKO (HC)

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS

Doc. 1

Petitioner Alisson Briyid Idarraga Montoya is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The Court has previously addressed the legal issues raised by claim one of the petition.  *See, e.g.*, *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025); *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026); *Omer G. G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025).

1

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 5. Respondents acknowledge that those "cases involve individuals detained after entering the United States who were then granted parole into the United States, like Petitioner here." Doc. 6 at 7. As respondents note, "[i]n each case, this Court found that the petitioners possessed a strong liberty interest." *Id.* "Respondents agree that the factual and legal issues present here are not substantively distinguishable to the aforementioned cases[.]"[1] *Id.* While respondents oppose the petition, they do not raise any new arguments. *See id.* at 1–2.

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025), *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026), and *Omer G. G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025), the petition for writ of habeas corpus is GRANTED as to claim one, for the reasons addressed in those prior orders.[2]

Respondents are ENJOINED AND RESTRAINED from detaining petitioner unless they demonstrate, by clear and convincing evidence at a bond hearing before a neutral decisionmaker within seven (7) days of the date of this Order, that petitioner is a flight risk or danger to the community such that her physical custody is legally justified.

///

---

[1] Respondents allege that petitioner violated certain terms of the "Alternatives to Detention" monitoring program in which she was enrolled. Doc. 6 at 2. Although those alleged violations may be relevant to a neutral decisionmaker's detention determination at a bond hearing, they do not eliminate petitioner's right to such a hearing. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025); *cf. Morrissey v. Brewer*, 408 U.S. 471, 472–74, 480–90 (1972) (holding that due process required a hearing prior to the revocation of parole, even though parolees had allegedly violated the terms of their parole).

[2] The Court need not address petitioner's other claim as petitioner is entitled to the relief she seeks based on the Court's ruling on claim one.

The Clerk of Court is directed to close this case and enter judgment for petitioner.  The Clerk is directed to serve California City Detention Facility with a copy of this Order.

IT IS SO ORDERED.

Dated:   April 7, 2026

_____
UNITED STATES DISTRICT JUDGE

3